UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Demetrius Henson,                                            Case No. 3:13-cr-181

                 Petitioner- Defendant,

              v.                                              MEMORANDUM OPINION
                                                                              AND ORDER
United States of America,


                 Respondent-Plaintiff.

        Petitioner Demetrius Henson filed a motion for relief under 28 U.S.C. § 2255, arguing his sentence should be vacated because it was improperly increased pursuant to the residual clause of the career offender provision of the Sentencing Guidelines, U.S.S.G. § 4B1.2(a). (Doc. No. 18). Section 2255 permits a defendant to challenge the sentence he received through a claim that the defendant's sentence was "imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a).

        Henson's § 2255 motion was based upon a colorable premise at the time it was filed – the Sixth Circuit's application of *Johnson v. United States*, 135 S. Ct. 2551 (2015), to the Guidelines' residual clause in *United States v. Pawlak*, 822 F.3d 902 (6th Cir. 2016). In *Pawlak*, the Sixth Circuit concluded, consistent with the judgments of nearly every other circuit court of appeals, that *Johnson* rendered the Guidelines' residual clause unconstitutionally vague because that clause contained the same language as the residual clause of the Armed Career Criminal Act that the Supreme Court struck down in *Johnson*. *Id.* at 911.

The landscape changed, however, when the Supreme Court issued its decision in *Beckles v. U.S.*, 137 S. Ct. 886 (2017). The *Beckles* Court held the Guidelines are not subject to a void-for-vagueness challenge under the Due Process Clause, because the Guidelines are advisory rather than mandatory. *Id.* What was an open question at the time Henson filed his § 2255 motion – whether *Pawlak* applied retroactively – now is closed.

Shortly after the Supreme Court issued its opinion in *Beckles*, Henson filed a motion to voluntarily dismiss his § 2255 motion pursuant to Rule 41(a)(2). (Doc. No. 27). The government opposes, contending Henson's § 2255 motion should be dismissed with prejudice because it faced no chance of success in light of *Beckles*. (Doc. No. 28 at 3-4).

Upon review, I conclude the government has the better side of the argument. While a district court's characterization of the Rule 41(a) dismissal of a § 2255 motion is not dispositive, *In re Moore*, 735 F. App'x 883, 887 (6th Cir. 2018), a defendant's withdrawal of a motion which presents no claims on which the defendant could prevail is the equivalent of a decision on the merits. *See id.* ("Because Moore was represented by counsel and the circumstances of his case clearly indicate that his withdrawal was driven by his recognition of the substantive futility of his earlier motion, the motion counts as a prior § 2255 motion and triggers § 2244(b), restricting this current petition by Moore.").

For these reasons, I deny as moot the government's motion to hold Henson's § 2255 motion in abeyance, (Doc. No. 23), deny Henson's motion to voluntarily dismiss without prejudice his § 2255 motion, (Doc No. 27), and deny Henson's § 2255 motion, (Doc. No. 18), as unsupported following *Beckles*.

So Ordered.

                                                    s/ Jeffrey J. Helmick
                                                    United States District Judge